# In the United States Court of Federal Claims

No. 15-1003

(Filed: December 18, 2015)

**ORIGINAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*
\*
\*
SYLVIA SOLIS,                          \*
                                       \*
                                       \*
            Plaintiff,                 \*
                                       \*
v.                                     \*
                                       \*
THE UNITED STATES, et al.,             \*
                                       \*
            Defendants.                \*
                                       \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

**FILED**

DEC 1 8 2015

U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL ORDER

On September 10, 2015, *pro se* Plaintiff Sylvia Solis filed copies of three letters and a military retirement application form with this Court. Specifically, Ms. Solis's filing included a letter from the Air Force Board for Correction of Military Records dated June 10, 2015, a letter from Ms. Solis to the Veterans Affairs Inspector General dated November 11, 2010, a retirement application form (DD Form 2656) for Master Sergeant (MSGT) Saulo Solis-Molina dated May 4, 1995, and a letter from Dr. E.J. Walsh describing MSGT Solis-Molina's presence during Ms. Solis's treatment for breast cancer. The Clerk of Court docketed Ms. Solis's filing as a complaint against the United States and the case was assigned to Judge Thomas C. Wheeler.

On November 5, 2015, the Government filed a motion for enlargement of time to respond to Ms. Solis's filing, contending that it had no complaint to which it could respond. On November 10, 2015, the Court issued an order directing Ms. Solis to comply with Rule 3 of the Court of Federal Claims ("RCFC") by filing a proper complaint and paying the applicable filing fees, or, alternatively, filing an application to proceed *in forma pauperis*. On December 1, 2015, the Court granted Ms. Solis leave to proceed *in forma pauperis* and directed Ms. Solis to file a complaint no later than December 18, 2015. On December 14, 2015, Ms. Solis filed the same documents included in her original filing, along with a copy of MSGT Solis-Molina's discharge order from the U.S. Air Force, dated May 13, 1996.

Rule 3 of the Court unambiguously requires that a plaintiff commence a civil action by filing a complaint with this Court. RCFC 3. However, when a plaintiff is proceeding *pro se*, the Court should exercise a degree leniency with respect to mere formalities and liberally construe the plaintiff's pleadings. Nasharr v. United States, 105 Fed. Cl. 114, 117 (2012) ("Documents filed *pro se* are 'to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). Although the Court takes seriously its duty to determine whether a *pro se* plaintiff "has a cause of action somewhere displayed," Stroughter v. United States, 89 Fed. Cl. 755, 760 (Fed. Cl. 2009) (internal citation omitted), it recognizes that the Government must have some type of pleading or asserted claim to which to respond. See id. ("Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest[.]") (internal citation omitted).

Although Ms. Solis is a *pro se* plaintiff, she must nevertheless observe the basic pleading requirements of this Court by asserting a claim to which the Government can respond. To date, Ms. Solis has asserted no such claim. Therefore, Ms. Solis has not satisfied the procedural requirements for filing a complaint with this Court as set forth in Rule 3. Accordingly, the Court DISMISSES Plaintiff's complaint for failure to properly file a complaint with the Court. The Clerk is directed to dismiss Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge